IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

**MARIA TRIMINIO,**   CASE NO.:

    **Plaintiff,**

vs.

**TAYLOR & ASSOCIATES,
ATTORNEYS AT LAW P.L.,**

    **Defendant.** _____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARIA TRIMINIO ("Plaintiff"), by and through undersigned counsel, herby files this complaint against Defendant, TAYLOR & ASSOCIATES, ATTORNEYS AT LAW P.L., a Florida Corporation ("Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint against Defendant for violations of the The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, as amended (the "ADAAA"), the Florida Civil Rights Act, Fla. Stat. § 760, *et seq.* ("FCRA"), and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

2. The ADAAA is a remedial statute aimed at combating Congress'

findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8). The ADAAA is meant to protect qualified employees, like Plaintiff, from discrimination, harassment and retaliation in the workplace on account of a real or perceived mental or physical disability, or for asking for a reasonable accommodation related to the disability. 42 U.S.C. § 12112.

3. Likewise, the FCRA, Florida's state law outlawing certain forms of discrimination in the workplace, largely paralells the FCRA and prohibits discrimination, harassment, and retaliation in the workplace on account of a real or perceived mental or physical disability, or for asking for a reasonable accommodation related to the disability. Fla. Stat. § 760.10.

4. ERISA was passed in 1974. In passing the Act, Congress found that the "continued well-being and security of millions of employees and their dependents" depends directly on ensuring safeguards with respect to employee benefit plans. 29 U.S.C. § 1001(a). Congress also found it to be "desirable in the interest of employees and their beneficiaries, for the protection of the revenue of the United States, and to provide for the free flow of commerce, that minimum standards be provided assuring the equitable character" of employee benefit plans

under ERISA. *Id.* ERISA was enacted "to protect interstate commerce and the interest of participants in employee benefit plans and their beneficiaries…establishing standards of conduct, responsibility, and obligations for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Section 510 of ERISA makes it unlawful "for any person to discharge fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140.

## PARTIES

5. Plaintiff is an adult individual who resides in Polk County, Florida.

6. Defendant is a professional limited liability company, licensed and authorized to conduct business in the State of Florida, doing business in Polk County, Florida.

7. At all times relevant hereto, Defendant maintained an office in Polk County, Florida.

8. At all times relevant hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADAAA, FCRA, and ERISA.

9. At all times relevant hereto, Defendant was, and continues to be, "employers" within the meaning of the ADAAA, FCRA, and ERISA.

10. Defendant is an employer under the ADAAA and the FCRA because, at all relevant times, it employed greater than 15 employees.

11. At all times material hereto, Plaintiff had a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions.

12. Plaintiff is otherwise covered by the ADAAA and FCRA because Defendant perceived her as being disabled.

13. At all times material hereto, Plaintiff is a "qualified individual" under the ADAAA and FCRA since she can perform the primary duties of her job with or without an accommodation. *See* 42 U.S.C. § 12111(8).

14. Plaintiff is covered by the ADAAA/FCRA because she is an individual who:

    a. Has a physical impairment that substantially limits one or more major life activities or bodily functions;

    b. Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

    c. Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

## JURISDICTION AND VENUE

15. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, Title I of the ADAAA, as amended, and 29 U.S.C. § 1132(e) ERISA, and has authority to grant declaratory relief under the ADAAA.

16. This Court has supplemental jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1367.

17. Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district and the majority of the acts complained of took place in this judicial district.

18. Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 17, 2020, which was dual filed with the Florida Commission on Human Relations (FCHR), with respect to her ADAAA, FCRA, and ERISA claims. Plaintiff received her Right to Sue Letter on January 12, 2021. This action is timely filed thereafter.

## FACTUAL ALLEGATIONS

19. Plaintiff was hired by the Defendant on or about December 19, 2017, as a certified paralegal.

20. As a paralegal, Plaintiff was paid at an hourly rate of $25.00 per hour.

21. On or about February 6, 2019, Plaintiff was involved in an automobile accident in which she sustained serious bodily injuries that required hospitalization.

22. Plaintiff was diagnosed with a head concussion, neck, right chest and shoulder injuries, substantial bulging and herniated discs in the C-L spine, injuries to her left side hip, right knee and foot.

23. Plaintiff contacted her employer to inform them of the accident and put them on notice that Plaintiff needed leave from work.

24. Plaintiff was hospitalized for three (3) days.

25. Plaintiff then began treatment with a neurologist, chiropractor, and orthopedic for her injuries.

26. For approximately the first month following the accident, Plaintiff was on bed rest and could not work at all.

27. Plaintiff's doctors provided varying opinions as to how long she would need to be out of work but the consensus was that she could not work for a minimum of four to six weeks.

28. At around four (4) weeks post-accident, Plaintiff's doctors cleared her to work on a part-time basis, but would only clear her to work remotely from home and for no more than four (4) hours per day.

29. Plaintiff sought a request for accommodation which was granted.

30. During this time, Plaintiff continued to treat with her doctors and continued providing Defendant with updates regarding her medical status and eventual return to work.

31. Despite regular updates by Plaintiff, Defendant's Office Manager, Suzette Wellings, frequently asked Plaintiff when she planned on returning to work.

32. On or about the second week of April 2019, Ms. Wellings called Plaintiff and told her they would not pay for her healthcare anymore (despite the fact Defendant provided those same benefits to other employees).

33. Plaintiff's health insurance was ultimately canceled because she could not afford the additional expense.

34. On or about the third week of April 2019, Plaintiff told Ms. Wellings she had a neurologist appointment on Friday, April 19, 2019, where she would find out if she was cleared to return to work.

35. Following her appointment on April 19, Plaintiff called Ms. Wellings to inform her the nuerologist opined that she was making a lot of progress and estimated she could return to work within a week or two.

36. Ms. Wellings told Plaintiff that "it is not necessary because she is terminated."

37. Plaintiff asked for an explanation but Ms. Wellings refused to

provide one. After Plaintiff continued pushing for an explanation Ms. Wellings simply stated, "productivity."

38. Defendant's explanation is nothing more than a pretext for discrimination and retaliation.

39. Defendant terminated Plaintiff in whole or in part because her disability(ies) and/or perceieved disability(ies).

40. Defendant's termination of Plaintiff interfered with the rights afforded to Plaintiff by ERISA, the ADAAA, and the FCRA.

41. Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need ADAAA-covered leave in the future.

42. Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's exercising her rights under an employee benefit plan covered by ERISA (i.e. her need to seek medical treatment covered by her health insurance).

43. Plaintiff's exercising of her rights to an employee benefit plan covered by ERISA and/or her likely need for future benefits under her ERISA-covered plan was a substantial or motivating factor in Defendant's decision to terminate her.

44. Plaintiff's disability/perceived disability was a substantial or

motivating factor in Defendant's decision to terminated her.

45. Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's excercising her right under an employee benefit plan covered by ERISA.

46. Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability/perceived disability.

47. Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from asserting their rights under ERISA, the ADAAA, and FCRA.

48. Defendant's actions constitute discrimination in violation of Plaintiff's rights under Section 510 of ERISA.

49. Defendant's actions constitute interference with Plaintiff's right to an employee benefit plan covered by ERISA.

50. Defendant's actions constitute discrimination in violation of the ADAAA.

51. Defendant's actions constitute interference with Plaintiff's rights under the ADAAA.

52. Defendant's actions constitute discrimination in violation of the FCRA.

53. Defendant's actions constitute retaliation for requesting a reasonable

accommodation under the ADAAA and the FCRA.

54. Defendant's actions were willful as Defendant knew or had reason to know that its actions violated federal and state law, yet Defendant acted wantonly or with reckless disregard for the law.

55. Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant and its related entities, including the decision to terminate Plaintiff.

56. Defendant's actions, if left unchecked, will deter other employees from exercising their rights under ERISA, the ADAAA, and/or the FCRA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I
## FAILURE TO ACCOMMODATE UNDER THE ADAAA

57. Plaintiff re-alleges paragraphs one (1) through fifty-six (56) above, as if fully set forth herein.

58. Title I of the ADAAA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities, including but not limited to reasonable accommodation.

59. During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADAAA by requesting a reasonable

accommodation.

60. Defendant failed to engage in the interactive process required by the ADAAA to assess whether a reasonable accommodation could be made.

61. Defendant unreasonably denied Plaintiff's request for accommodation.

62. Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADAAA.

63. Defendant's violation of the ADAAA was wilfull.

64. As a direct and proximate result of Defendant's interference with Plaintiff's rights under the ADAAA, Plaintiff has suffered damages in an amount to be determined at trial.

65. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, MARIA TRIMINIO, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT II
## FAILURE TO ACCOMMODATE UNDER THE FCRA

53. Plaintiff re-alleges paragraphs one (1) through fifty-six (56) above, as

if fully set forth herein.

54. The FCRA requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities, including but not limited to reasonable accommodation.

55. During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation.

56. Defendant failed to engage in the interactive process required by the FCRA to assess whether a reasonable accommodation could be made.

57. Defendant unreasonably denied Plaintiff's request for accommodation.

58. Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the FCRA.

59. Defendant's violation of the FCRA was wilfull.

60. As a direct and proximate result of Defendant's interference with Plaintiff's rights under the FCRA, Plaintiff has suffered damages in an amount to be determined at trial.

61. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, MARIA TRIMINIO, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and

benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the FCRA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION/RETALIATION UNDER THE ADAAA

62. Plaintiff re-alleges paragraphs one (1) through fifty-six (56) above, as if fully set forth herein.

63. Plaintiff was a qualified individual with a disability.

64. Plaintiff was perceived as disabled by Defendant.

65. Defendant was Plaintiff's employer as defined by the ADAAA.

66. Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

67. Defendant retaliated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her request for an accommodation of leave from work due to her condition.

68. Defendant had actual or constructive knowledge of the discriminatory and retaliatory conduct.

69. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

70. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

71. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

72. Defendant's violations of the ADAAA were willful.

73. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

WHEREFORE, Plaintiff, MARIA TRIMINIO, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that Defendant's practices violate the ADAAA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT IV
## DISCRIMINATION/RETALIATION UNDER THE FCRA

74. Plaintiff re-alleges paragraphs one (1) through fifty-six (56) above, as if fully set forth herein.

75. Plaintiff was a qualified individual with a disability.

76. Plaintiff was perceived as disabled by Defendant.

77. Defendant was Plaintiff's employer as defined by the FCRA.

78. Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the FCRA.

79. Defendant retaliated against Plaintiff because she exercised her rights under the FCRA by notifying Defendant of her request for an accommodation of leave from work due to her disability.

80. Defendant had actual or constructive knowledge of the discriminatory and retaliatory conduct.

81. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

82. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the FCRA.

83. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

84. Defendant's violations of the FCRA were willful.

85. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the FCRA.

WHEREFORE, Plaintiff, MARIA TRIMINIO, demands judgment against Defendant for back pay and benefits, interest on back pay and benefits; front pay and benefits and/or lost earning capacity, compensatory damages for emotional pain and suffering, injunctive relief, prejudgment interest; declaratory judgment that

Defendant's practices violate the FCRA, costs and attorney's fees, and such other relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF SECTION 510 ERISA

86. Plaintiff re-alleges paragraphs one (1) through fifty-six (56) above, as if fully set forth herein.

87. Defendant provided Plaintiff with an employee welfare plan as defined by 29 U.S.C. §1002(a), specifically health insurance.

88. Beginning in 2017 and continuing until her unlawful termination, Plaintiff was enrolled in the benefits provided under the company's health insurance plan.

89. Defendant retaliated/discriminated against Plaintiff by revoking her health insurance benefits, despite offering those same benefits to other employees and/or by terminating her employment.

90. Defendant interfered with Plaintiff's right to exercise her ERISA-covered employee benefit plan.

91. Defendant's revocation of benefits and/or termination of Plaintiff was designed, in part, to discourage other employees from taking sick days and/or filing claims under their employee benefit plans.

92. Defendant revoked Plaintiff's benefits and/or fired her, in whole or in part, because Defendant did not wish to bear the costs of Plaintiff's healthcare.

93. Defendant interfered with Plaintiff's right to obtain medical care.

94. Defendant discriminated against and discharged Plaintiff for exercising her right to medical care under the company's employee benefit plan.

95. Defendant fired Plaintiff in violation so 29 U.S.C. § 1140.

WHEREFORE, Plaintiff MARIA TRIMINIO hereby demands entry of judgment in her favor and against Defendant, for any and all equitable relief available including but not limited to payment of all medical bills, statutory damages, reinstatement and back pay as required by ERISA, as well as payment of her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 1st day of March, 2021.

        Respectfully submitted,

        **/s/ GREGORY R. SCHMITZ**
        Gregory R. Schmitz, Esquire
        FBN 0094694
        **/s/ JOLIE N. PAVLOS.**
        Jolie Pavlos, Esquire
        FBN 0125571
        Morgan & Morgan, P.A.
        20 N. Orange Avenue, 16th Floor
        Orlando, FL 32801
        Telephone: (407) 245-3517
        Facsimile: (407) 204-2206
        Email: gschmitz@forthepeople.com
              jpavlos@forthepeople.com
        *Attorneys for Plaintiff*